IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARVIN LEE HOUZE, JR.,

    Defendant.

Criminal No. 19-0266
ELECTRONICALLY FILED

**MEMORANDUM OPINION**

Defendant, Marvin Lee Houze, Jr., who is serving a 100-month term of imprisonment, has filed a counseled "Motion for Reduction of Sentence" pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). ECF 69. The Government filed a response in opposition (ECF 71), making the matter ripe for adjudication. For the reasons set forth herein, the Court will deny Defendant's request for a sentence reduction.

**I.  BACKGROUND**

On August 28, 2019, Defendant was indicted and charged with: (1) possession with the intent to distribute fentanyl, a Schedule I controlled substance, cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) / 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) a felon in possession of firearm and/or ammunition in violation of 18 USC § 922(g)(1). ECF 11.

On March 12, 2020, pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant pled guilty to both Counts 1 and 2 of the Indictment. ECF 35. During the change of plea hearing, after accepting Defendant's guilty plea, the Court indicated that it would sentence Defendant consistent with the terms of the parties' Rule 11(c)(1)(C) plea agreement, *i.e.,* to a term of imprisonment of 100 months, and a term of supervised release of four (4) years. In this plea agreement, the Defendant and the Government further agreed that the type and quantity of controlled substances attributable to Defendant was at least 700 KG, but less than 1,000 KG of converted drug weight, and the controlled substances included tramadol, fentanyl, carfentanil, and cocaine base.

A Presentence Investigation Report ("PSIR") was completed with respect to Defendant. ECF 46.  In the PSIR, Defendant's offense level was calculated to be 27.  Defendant's level was determined by assigning him 28 points for the offenses to which he pled guilty, and for the type and amount of controlled substances (between 700 and 1,000 KG) to which he stipulated. Two points were added because Defendant possessed a dangerous weapon in Count 2, bringing his offense level up to 30.  Three points were deducted for Defendant's early acceptance of responsibility, leaving Defendant with a total offense level score of 27.  Defendant's criminal history category was calculated based on 6 points which were derived from three prior criminal convictions (all of which were gun offenses), plus an additional 2 points because Defendant committed the instant offenses while on probation from a prior criminal conviction.  This gave him a total criminal history score of 8 points, which translates to criminal history category of IV. ECF 46 at ¶ 44. The Advisory Guidelines sentence for a defendant with an offense level of 27 and a criminal history of IV was 100-125 months' imprisonment.

On August 12, 2020, this Court sentenced Defendant to a term of imprisonment of 100 months' imprisonment consistent with the portion of his plea agreement which contained a Rule 11(c)(1)(C) stipulation. ECF 54 and ECF 55. Defendant did not appeal his sentence.

## II.   APPLICABLE LAW

The basis for Defendant's Motion for Sentence Reduction is Part A of Amendment 821. As explained in *Unites States v. Howell*, Crim. No. 19-190, 2024 WL 3564860 (W.D. Pa. July 29, 2024) (J. Horan), Part A of Amendment 821 to the United States Sentencing Guidelines:

> addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821 revises how such "status" points are calculated for defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

*Howell*, 2024 WL 3564860 at *1.

Title 18, United States Code, Section 3582(c)(2) ("Section 3582(c)(2)"), indicates that a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission, may request, and a Court may grant, a reduction to his sentence after considering the 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with the applicable policy statements issued by the Commission. The policy statements at issue, which allow this Court to reduce Defendant's sentence, at its discretion, are set forth at U.S.S.G. § 1B1.10.

In *Dillon v. U.S.*, 560 U.S. 817 (2010), the United States Supreme Court established a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c)(2) is warranted.

At step one, the Court is "to follow the Commission's instructions from U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826. Section § 1B1.10(b)(1) instructs a court to:

> determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the Court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III.   DISCUSSION

Part A to Amendment 821 of the Sentencing Guidelines – which has now been codified at § 4A1.1(e) of the United States Sentencing Guidelines, and applies retroactively – reads:

> **§4A1.1.   Criminal History Category**
>
> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> \*   \*   \*
>
> (e)   Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice

> sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Applying the *Dillon* two-step analysis to Defendant, Defendant's Motion for Sentence Reduction will be denied for the reasons set forth below.

### A. Defendant is <u>Not</u> Eligible for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S.S.G.

First, Defendant is not eligible for a sentence reduction pursuant to Section 3582(c)(2) based on Amendment 821, *i.e.* U.S.S.G. § 4A1.1(e).

The United States Supreme Court considered whether a defendant could seek relief under § 3582(C)(2) if he entered a plea agreement containing a specific sentence under Federal Rule of Criminal Procedure 11(c)(1)(C) and determined that:

> In deciding whether to accept an agreement that includes a specific sentence, the district court must consider the Sentencing Guidelines. The court may not accept the agreement unless the court is satisfied that "(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity." United States Sentencing Commission, Guidelines Manual § 6B1.2(c) (Nov. 2016) (USSG).

*Hughes v. United States*, 584 U.S. 675, 682, (2018).

Imperative to the Court's analysis herein, is the fact that Defendant entered a binding plea agreement with the Government in accordance with Rule 11(c)(1)(C). This agreement not only contained the specific, 100-month term of imprisonment, which the Court accepted, but more importantly, it also contained the following clause: "Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. §3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." Despite the fact that Defendant clearly and unequivocally waived his right to file the instant motion, he has done so anyway.

This Court adopts what it previously noted in one of its substantially similar decisions:

5

> The instant Motion flies in the face of this portion of the binding plea agreement, and the Court declines to simply ignore that contractual promise made by Defendant. See also *U.S. v. Swindle*, Crim. No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 for multiple reasons, including because the defendant "expressly waived the right to file such motion as part of his plea agreement with the Government"); *U.S. v. Portis*, Crim. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 in part because in the defendant's plea agreement, the defendant agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission" and defendant "is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion. Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement.").

*United States v. Law,* No. CR 19-162-18, 2024 WL 2832919, at *3 (W.D. Pa. June 4, 2024), *aff'd*, No. 24-2138, 2024 WL 5237642 (3d Cir. Aug. 19, 2024).

Thus, because Defendant, in his binding rule 11(c)(1)(C) plea agreement, waived his right to seek a reduction to his agreed-upon sentence if the Sentencing Commission subsequently lowered the guideline range, Defendant is not eligible for any such reduction.

### B. Upon Consideration of the Applicable 18 U.S.C. § 3553(a) Factors, a Sentence Reduction is <u>Not</u> Warranted

Second, having reviewed the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction would not have been warranted in this case due to: (1) the nature and circumstances of Defendant's offense;[1] (2) Defendant's criminal history;[2]

---

[1] As summarized above, Defendant currently is serving a 100-month term of imprisonment for: (1) possession with the intent to distribute fentanyl, a Schedule I controlled substance, cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) / 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) a felon in possession of firearm and/or ammunition in violation of 18 USC § 922(g)(1). ECF 55. Importantly, Defendant admitted to the type and quantity of controlled substances attributable to him, specifically, tramadol, fentanyl, carfentanil, and cocaine base, and at least 700 KG, but less than 1,000 KG of converted drug weight. The quantity and type of drugs attributable to Defendant is extremely serious.

[2] This is Defendant's third gun offense, and Defendant engaged in the instant criminal conduct for which he currently is incarcerated while on supervised release for a discharging a weapon into an occupied structure in 2016. ECF 46.

6

(3) the need to protect the public from further crimes of Defendant;[3] and (4) the need for the sentence imposed "to reflect the seriousness of the offense[s], to promote respect for the law, and to provide just punishment for the offense[s]." 18 U.S.C. § 3553(a).  A sentence of 100 months imprisonment for Defendant's conviction at Counts 1 and 2 was, and remains, the appropriate sentence in this case.

**IV. CONCLUSION**

For the reasons set forth above, Defendant's Motion for Sentence Reduction (ECF 69) shall be DENIED.

An appropriate Order will follow.

s/Arthur J. Schwab<br>
ARTHUR J. SCHWAB<br>
United States District Judge

Dated: September 11, 2025

cc:     All ECF-registered Counsel of Record

---

[3] In light of Defendant's serious past gun-related offenses, and his willingness to commit crimes while on probation, the Court remains unconvinced that Defendant would not commit further crimes if released at this time.